UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------

| UNITED STATES OF AMERICA | I | Case No. 17-CR-419 (KMK) |
|---|---|---|
| | I | |
| V. | I | |
| | I | |
| LEIBYS MERCEDES, | I | |
| | I | |
| Defendant | I | |

-----------------------------------------

## DEFENDANT'S MOTION TO STRIKE SUPERSEDING INDICTMENT

The Defendant, LEIBYS MERCEDES, through undersigned counsel, respectfully moves to strike the Superseding Indictment filed by the Government on September 27, 2018, or in the alternative, to grant him discovery, prior to proceeding to trial. A memorandum in support of this application is filed herewith and made a part hereof.

September 28, 2018

                                        Respectfully submitted,

                                        /s/ Chukwuemeka Nwokoro
                                        Chukwuemeka Nwokoro
                                        Nwokoro & Scola, Esquires
                                        For Defendant Leibys Mercedes
                                        30 Broad Street, Suite 1424
                                        New York, NY 10004
                                        Tel: 212-785-1060
                                        Fax: 212-785-1066
                                        Emekanwokoro101@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA   I | Case No. 17-CR-419 (KMK) |
|               V.                     I | |
| LEIBYS MERCEDES,         I | |
|             Defendant    I | |

----------------------------------------

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE SUPERSEDING INDICTMENT

The defendant, LEIBYS MERCEDES, through undersigned counsel, respectfully submits this Memorandum of Law in support of his motion to strike the Superseding Indictment that the government filed yesterday, 9-27-18, or in the alternative, to grant defendant discovery prior to trial.

## STATEMENT OF RELEVANT FACTS

This case began, approximately one year and three months ago, with the filing of an Indictment on July 6, 2017, against the defendant and others, charging the defendant with participating in a conspiracy to distribute heroin in the Southern District of New York, and elsewhere, "from at least in or about February 2017, up to an including in or about June 2017". The Indictment listed the following overt acts relating to the defendant, "On or about June 19, 2017, CHRISTOPHER COLEMAN, a/k/a "Fox" and LEIBYS MERCEDES, a/k/a "Celly", a/k/a "Sonny", the defendants, agreed that MERCEDES would travel to Yonkers, New York to pick up approximately $2,000 from

COLEMAN" and "On or about June 19, 2017, CHRISTOPHER COLEMAN, a/k/a "Fox" and JONATHAN ACQUINO, a/k/a "Jonathan Aquino", a/k/a "Jonathan Harvey-Acquino", a/k/a "Gotti", the defendants, agreed that ACQUINO would provide $100 towards $2,000 to be paid to LEIBYS MERCEDES, a/k/a "Celly", a/k/a "Sonny", the defendant, for narcotics".

On July 6, 2017, the defendant was presented before a Magistrate-Judge, entered a plea of not guilty to the Indictment, and was ordered detained pending resolution of the prosecution. On October 4, 2017, a status conference was held before this Court and a motions schedule was set.

On February 1, 2018, a status conference was held and this Court issued an order that trial will commence on June 4, 2018, and set a schedule for pre-trial disclosures, Exhibits, Motions in Limine, Requests to Charge and Proposed Voir Dire, that required them to be concluded by May 18, 2018, before a final pre-trial conference scheduled for May 23, 2018. The court later adjourned the trial for a few days to June 11, 2018, due to the Court's busy trial schedule.

On June 5, 2018, 6 days before the trial date, the Government filed a Superseding Indictment. That Superseding Indictment was not based on any newly discovered evidence, or a change in the law. Instead, the 6-5-18 superseding indictment recasts facts known since the date of the initial indictment to expand the dates of the conspiracy by two months, adding January 2017 and July 2017, as follows "from at least in or about January 2017 up to and including in or about July 2017". Unlike the original indictment, the superseding indictment of 6-5-18 contained only the generic one count charge of conspiracy to distribute narcotics and listed no overt acts therefore it gave no notice of

the facts on which it was based. Defendant moved to strike the Superseding Indictment or grant a continuance of the trial as its filing so close to trial prejudiced the defendant. By order dated June 5, 2018, the Court directed in part, as follows: "The trial of this case will begin on October 22, 2018, at 9:30 A.M. The Government shall produce to Defendant pre-marked Exhibits it intends to introduce as part of its case in chief at trial by September 7, 2018...... requests to charge and proposed voir dire are due by September 14, 2018. Defendant shall file motions in limine by September 28, 2018. The Government shall respond to any motions in limine by October 5, 2018..... The Court will hold a final pre-trial conference on October 18, 2018, at 11:30 a.m."

So far, the parties have complied with the Court's above schedule regarding pre-trial proceedings but yesterday, the Government filed a second superseding indictment.

## **ARGUMENT**

The superseding indictment of 9-27-18 should be dismissed because it contains a generic charge of conspiracy to distribute narcotics and to possess with intent to distribute narcotics, but does not describe any overt acts made in furtherance of the conspiracy and therefore fails to charge the crime with sufficient precision to inform the defendant of the charge with enough detail that he may plead double jeopardy in a future prosecution based on the same set of facts. See, United States v. Sattar, 314 F. Supp. 2d 279, and United States v. Stewart, 590 F 3d 93 (2d Cir. 2009).

The Superseding Indictment should also be dismissed because, as the government has conceded, it appears to be based on new testimony offered by DEA Task Force Officer, Sean Fogarty, to the grand jury on or about September 26, 2018, which

testimony differs materially from Sean Fogarty's testimony to the earlier grand jury of June 4, 2018. The Government has not yet disclosed Sean Fogarty's various grand jury testimonies to the defendant therefore making it difficult for the defendant to determine just how material is the change in testimony. Pursuant to United States v. Rutkoske, 394 F.Supp. 2d 641, 646 (S.D.N.Y 2005) the court should consider whether the charge relies on different evidence or materially broadens the charges made in the original indictment.

Finally, the court should dismiss the Superseding Indictment because it requires that the parties conduct discovery on the new facts upon which it appears to be based, and therefore will require a continuance of trial, which violates the defendants right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161(c)(1) which provides that the trial of a defendant charged in an Indictment shall commence within 70 days from the filing date of the Indictment. On the other hand, being that the trial is currently scheduled to start on October 22, 2018, allowing the superseding indictment to stand would amount to a violation of the Speedy Trial Act 18. U.S.C. § 3161(c)(2) which provides that without the defendant's consent, the trial shall not commence less than thirty days from the date on which the defendant first appears.

Based on the foregoing, the defendant respectfully submits that the superseding indictment should be dismissed, but if the court is not minded to dismiss the indictment, the defendant should be afforded discovery on any new facts, prior to a trial of this action.

Respectfully submitted,

/s/ Chukwuemeka Nwokoro
Chukwuemeka Nwokoro
Nwokoro & Scola, Esquires
For Defendant Leibys Mercedes
30 Broad Street, Suite 1424
New York, NY 10004
Tel: 212-785-1060
Fax: 212-785-1066
Emekanwokoro101@yahoo.com

## **CERTIFICATION**

THIS IS TO CERTIFY that on September 28, 2018, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept service by electronic filing). Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ Chukwuemeka Nwokoro
Chukwuemeka